UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAIEZ YOUKHANNA,

    Plaintiff,

v.

Case No. 14-11811
HON. LAWRENCE P. ZATKOFF

UNIVERSITY FOOD CENTER, INC.,
and NORMAN YALDOO,

    Defendants.
    _____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 7, 2015

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

On May 5, 2014, Plaintiff filed a complaint in this matter [dkt. 1]. On June 18, 2014, Defendants answered Plaintiff's complaint [dkt. 7]. On August 1, 2014, Plaintiff's counsel filed a motion for leave to withdraw as counsel for Plaintiff [dkt. 10]. Plaintiff's counsel indicated there had been an "irreconcilable breakdown" in the attorney-client relationship, and thus requested leave from this Court to withdraw as counsel for Plaintiff in this action.

On August 12, 2014, the Court granted Plaintiff's counsel's motion for leave to withdraw [dkt. 11]. In its August 12, 2014, Order, the Court advised Plaintiff that he had 30 days from receipt of notice of the Order to either: a) prepare a Joint Case Summary with Defendants and file such Joint Case Summary with the Court or b) retain counsel in this matter. Plaintiff was further advised that "[f]ailure to do so may result in dismissal of this action." Dkt. # 11, p. 1. On

August 12, 2014, Plaintiff's counsel filed a certificate of service with the Court, indicating Plaintiff had been served with the Court's August 12, 2014, Order [dkt. 12].

On September 16, 2014, Defendants filed a motion to dismiss [dkt. 13]. In their motion, Defendants assert that on or about June 27, 2014, Plaintiff pled guilty in Wayne County Circuit Court to embezzlement and organized retail fraud related to his employment with Defendants. Defendants further indicated that Plaintiff had failed to make contact with Defendants or Defendants' counsel regarding this case, and that no attorney claiming to represent Plaintiff has contacted Defendants or Defendants' counsel regarding this case. Defendants assert that, given Plaintiff's continual failures to adhere to the orders of this Court or respond to Defendants' filings, "it is clear Plaintiff abandoned his FLSA claims and the case is now ripe for dismissal with prejudice." Dkt. # 13, p. 4.

On October 29, 2014, the Court ordered Plaintiff to show cause, no later than November 26, 2014, as to why this case should not be dismissed for failure to comply with this Court's August 12, 2014, Order to either: a) prepare a Joint Case Summary with Defendants and file such a Joint Case Summary with the Court or b) retain counsel in this matter ("Show Cause Order") [dkt. 15]. The Court also ordered Plaintiff to show cause, no later than November 26, 2014, as to why this case should not be dismissed for failure to prosecute, i.e., failure to respond to Defendants' motion to dismiss. The Court warned Plaintiff that failure to respond may result in the dismissal of this case with prejudice. *See* E.D. Mich. L.R. 41.2.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides:

> **Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or

any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Further, Rule 41.2 of the Eastern District of Michigan Local Rules indicates that:

"when it appears . . . that the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown.

### III. ANALYSIS

As of the date of this Order, Plaintiff has failed to respond to the Court's Show Cause Order. Further, Plaintiff has failed to respond to Defendants' Motion to Dismiss and has failed to comply with this Court's August 12, 2014, Order requiring Plaintiff to either: a) prepare a Joint Case Summary with Defendants and file such a Joint Case Summary with the Court or b) retain counsel in this matter. Therefore, the Court finds that Plaintiff is in direct violation of this Court's Orders and appears to no longer be prosecuting this case. Further, the Court finds that Plaintiff has been given ample time to provide the Court with good cause as to why this case should not be dismissed, and has failed to do so.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint [dkt. 13] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE. This Order does not close the case.

IT IS SO ORDERED.

Date:  January 7, 2015

                        s/Lawrence P. Zatkoff
                        HON. LAWRENCE P. ZATKOFF
                        UNITED STATES DISTRICT COURT